IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| GERALD LOVE, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-449-A |
| | § | |
| CHASE MANHATTAN MORTGAGE CORPORATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

After having considered the motion for summary judgment of defendant, Chase Home Finance, LLC, successor by merger to Chase Manhattan Mortgage Corporation, and all of the items in the record pertinent to the summary judgment motion, the court has concluded that the motion should be granted.

I.

Plaintiffs' Claim

Plaintiffs, Gerald Love and Comfort Love, instituted this action, acting pro se, in a state district court of Texas against Chase Manhattan Mortgage Corporation, as defendant, on June 19, 2007. Plaintiffs complain that defendant foreclosed on real property of theirs in Fort Worth, Texas. The gist of their

complaint is that they issued a promissory note in connection with a loan on their real property, that defendant is not the holder of the note and is not in possession of the note, that defendant foreclosed on the property, that the foreclosure was improper, and that defendant engaged in collection activities in relation to plaintiffs prior to the foreclosure that were inappropriate. The relief sought in the complaint, as alleged by plaintiffs, was as follows:

> We, Gerald Love and Comfort Love demand that this Honorable Court restore the title now in the name of CHASE MANHATTAN MORTGAGE CORPORATION to Gerald Love and Comfort Love and pay the sum certain of $200,000.00 for damages for the wrongful seizure of title. Punitive damages of $2,000,000.00, as Respondent has not followed proper protocol to seize title. Respondent was never the creditor to assert a claim to recover equitable loss. Respondent has never provided any remedy for us to retain title, and has violated the FDCPA.

Not. of Removal, Tab 1 at 5-6.

II.

Defendant's Motion

Defendant calls the court's attention to the fact that its correct name is "Chase Home Finance, LLC," and that it is a successor by merger to Chase Manhattan Mortgage Corporation. Defendant has moved for summary judgment as to all claims asserted by plaintiffs. The motion was filed October 26, 2007,

2

and was accompanied by a 165-page appendix containing the declaration of Thomas E. Reardon, giving a chronology of events and authenticating other items contained in the appendix, consisting of numerous documents pertaining to the loan plaintiffs made on the property in question, including documentation pertaining to the original making of the loan; ownership of the loan from time to time; efforts to collect the loan; efforts by plaintiffs to frustrate collection; documents pertaining to foreclosure of the deed of trust securing the loan; and sets of requests for admissions directed by defendant to plaintiffs to which each plaintiff failed to timely respond.[1]

In addition, defendant filed a supplemental brief, with leave of court, on January 14, 2008, in support of its motion. The supplemental brief was accompanied by a 200-page supplemental appendix containing the supplemental declaration of Thomas E. Reardon and the declaration of Michael C. Balog, giving information concerning ownership of the promissory note and deed of trust and authenticating other documents contained in the supplemental appendix.

---

[1] Because of the failure of plaintiffs to respond to the requests for admissions, the statements in the requests are deemed to be admitted. The court is taking the deemed admissions into account in evaluating the merits of the motion for summary judgment.

Plaintiffs did not respond to the motion for summary judgment or its supporting brief or appendix. They did not respond to the supplemental brief and supporting supplemental appendix timely. By order signed February 21, 2008, the court gave plaintiffs an extension of time to February 28, 2007, with which to file a response to the supplemental brief and appendix. Plaintiffs filed a response on February 27 that did not controvert any of the evidentiary material supplied by defendant in support of its motion as originally filed and as supplemented. The only thing that could be viewed to be evidentiary in nature that plaintiffs provided in response to the motion as originally filed or as supplemented was a lengthy document titled "MERS Recommended Foreclosure Procedures," which appears to define recommended foreclosure procedures for property foreclosures in each of the states of the United States of America.

III.

Summary Judgment Standard

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The moving party has the initial

4

burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a

proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

IV.

Analysis

The court is satisfied that defendant has provided the court sufficient uncontradicted evidence to establish as a matter of law that plaintiffs have no right to have from the defendant the relief they seek by their complaint. There is indication in the summary judgment record that defendant served as a servicing agent on the loan in question at a point or points in time; but, there is no summary judgment evidence that defendant did anything inappropriate in its dealings with plaintiffs or in relation to the property in question.

Moreover, the summary judgment record shows that Wells Fargo Bank, N.A., actually was the foreclosing entity. It executed the document by which the trustee who conducted the non-judicial foreclosure sale was appointed, and it was the purchaser at the foreclosure sale. Even if there is uncertainty as to the court's ability to trace by use of the items furnished the ownership of the note and deed of trust from their inception to the date of the foreclosure sale, plaintiffs would not be entitled to an adjudication that the foreclosure sale is invalid because they

have offered no summary judgment evidence that would support such a contention. Moreover, plaintiffs have not sued Wells Fargo Bank, N.A., which would have to be a party defendant for the court to make an adjudication relative to the validity of the foreclosure sale. In other words, the court would have no power unless Wells Fargo Bank, N.A., were a party defendant to "restore the title" of the property to plaintiffs. Contrary to the assertion made in the Relief Sought section of the complaint, title to the property appears now to be in the name of Wells Fargo Bank, N.A., not in the name of defendant.

In a telephone conference/hearing between the court, plaintiffs, and counsel for defendant conducted on December 14, 2007, the court informed plaintiffs that the appearance from information provided by defendant in support of its motion was that Wells Fargo Bank, N.A., would have to be a party to this action for plaintiff to gain relief related to the foreclosure sale. Notwithstanding having been alerted to the need to join Wells Fargo Bank, N.A., plaintiffs have failed to join it as a

defendant.[2]

V.

Order

For the reasons given above,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; and,

The court further ORDERS that plaintiffs have and recover nothing from defendant, and that all of their claims and causes of action against defendant be, and are hereby, dismissed.

SIGNED March 3, 2008.

_____
JOHN McBRYDE
United States District Judge

---

[2] Plaintiffs did add "Wells Fargo Bank, National Association" as a defendant in the caption of their response to the motion for summary judgment. Needless to say, that inappropriate change in the caption of the action does not cause the bank to be a defendant. On January 25, 2008, plaintiffs filed a document titled "Amended Joiner of Party Complaint by Affidavit of Title Action Presentment of Bond" in which they named "Wells Fargo National Association." The document was stricken from the record on January 25 for, among other reasons, the failure of plaintiffs to provide in or with the document a certificate of service as contemplated by Rule 5(d) of the Federal Rules of Civil Procedure. Plaintiffs failed to cure any of the defects by filing a document in the proper form with the required certificate of service.